304

[Civ. Nos. 18126, 18706.   Second Dist., Div. One.   May 26, 1952.]

EDWARD L. THORNBURG et al., Respondents, v. SAM RAIS et al., Appellants.

(Two Cases.)

John W. Preston and John W. Preston, Jr., for Appellants.

Aaron Levinson and Albert E. Marks for Respondents.

HANSON, J. pro tem.—These two appeals are taken in a companion case to the case of *Thornburgh Construction Co.,* a corporation, v. *College Heights Dev.* (18716), this day decided, *ante,* p. 295 [244 P.2d 735].

In this particular case instituted against Sam Rais and his wife Lois Rais et al., the plaintiffs Edward L. Thornburg and his wife Dorothy M. Thornburg sought a declaration as to the rights, duties and obligations of the parties with respect to the 16 lots mentioned in case No. 18716 which we shall hereafter refer to as "the basic case." In addition the complaint sought a dissolution of the joint venture involved in the ownership of the 16 lots, a partition thereof in kind or by way of sale and the appointment of a receiver. The facts are sufficiently detailed in the basic case and hence need not here be repeated.

. In the case now before us the trial court found, as it did in the basic case, that the joint venture had borrowed $100,-

975.92 from the corporation entity, the Thornburgh Construction Company; that the sum mentioned consisted of $55,470.73 (moneys expended by Thornburg for direct construction costs upon the multiple dwellings), $5,725.29 (general overhead expense), $2,870 (general overhead expense), and $36,909.90 (representing the 15 per cent commission). All these items were found to be due from the joint venture and payable by it. For the reasons sufficiently set forth in the opinion in the basic case this case must likewise be reversed and a new trial ordered.

There remains for further consideration the order appointing the receiver, from which order a separate appeal was taken in No. 18126 prior to the entry of judgment in No. 18706. This opinion will, however, suffice for both appeals.

At the time the receiver was appointed the 14 multiple dwellings had all been completed and all were rented. As the monthly rentals were collected they were deposited in a bank to the credit of Mr. Thornburg and Mr. Rais and could be withdrawn only by check bearing the signatures of both. The funds in the bank account at all times were in excess of any sums payable on the deeds of trust against the property and all other fixed charges. ██ It was not shown that the joint venture property or the funds were "in danger of being lost, removed or materially injured" —a prerequisite under Code of Civil Procedure, section 564, for an order appointing a receiver. Hence, the appointment of the receiver was not warranted.

The order appointing the receiver for the reasons stated must likewise be reversed.

Accordingly, it is ordered that the order in No. 18126 be and it is reversed and that the judgment in No. 18706 is likewise reversed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 16, 1952, and respondents' petition for a hearing by the Supreme Court was denied July 24, 1952. Schauer, J., was of the opinion that the petition should be granted.